IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

BEVERLY A. GUZMAN,

        Plaintiff,

Vs.                          No.  10-1270-SAC

CONVERGYS CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Convergys Corporation's ("Convergys") motion for summary judgment. (Dk. 26). The plaintiff Beverly A. Guzman brings this employment discrimination case pursuant to Title VII of the Civil Rights Act of 1965 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, alleging Convergys discriminated against her on the basis of religion by denying her time off from work to attend a religious ceremony. The plaintiff's theory of recovery is vaguely set out in the pretrial order as the plaintiff was fired or disciplined for not complying with an employment requirement that conflicted with her bona fide religious belief. Uncertain of the plaintiff's precise claims, the defendant's motion seeks summary judgment both on a possible accommodation claim and on a direct discrimination/retaliation claim.

The defendant filed its summary judgment motion on May 11, 2011, and its certificate of service showed the plaintiff was served by

electronic mail. The court filed a minute order on August 5, 2011, finding that the defendant had not effectively served its motion, because the plaintiff is a pro se party who has not registered with clerk of the court to use the electronic filing system. (Dk. 28). The court directed the defendant to serve a copy of its motion in compliance with Fed. R. Civ. P. 5. *Id.* The defendant filed on August 5, 2011, a notice that it had placed in the U.S. Mail copies of its motion and memorandum addressed to the plaintiff. (Dk. 29).

On August 30, 2011, the court issued an order requiring the plaintiff to show cause why the court should not consider and decide the defendant's motion for summary judgment as uncontested pursuant to D. Kan. Rule 7.4, because the plaintiff had not filed a response to the motion. (Dk. 30). The show cause order imposed a deadline of September 13, 2011, for the plaintiff's written response. *Id.* On September 16, 2011, the court received and filed a letter from Ms. Guzman. The plaintiff writes that she has lacked the resources for making a timely response, that she did not understand her summary judgment response was due prior to trial, that she is waiting for evidence to show her religious belief is bona fide, that she has been unsuccessful in finding counsel to represent her, and that she wants the court to consider her case for trial. (Dk. 32).

In short, the plaintiff has not filed a brief or memorandum

opposing the motion for summary judgment within the required time period. The plaintiff's response to the show cause order does not address any matters raised in the summary judgment motion, and it does not seek any procedural relief for her default.  Consequently, the court may consider and decide the defendant's motion as uncontested pursuant to D. Kan. Rule 7.4.

"[A]lthough a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citing *Reed v. Bennett*, 312 F.3d 1190, 1195-95 (10th Cir. 2002)).  The court in *Reed* outlined the procedures for handling an uncontested summary judgment motion:

> To summarize, a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Reed*, 312 F.3d at 1195. "If the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005) (quoting *Reed*, 312 F.3d at 1194).

Rule 56 authorizes judgment without trial "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Substantive law governs the elements of a given claim or defense and reveals what issues are to be determined and what facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is one which would affect the outcome of the claim or defense under the governing law. *Id.*

On summary judgment, the initial burden is with the movant to point out the portions of the record which show that the movant is entitled to judgment as a matter of law. *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), *cert. denied*, 506 U.S. 1013 (1992). Instead of disproving a claim or defense, the movant need only show "a lack of evidence" on an essential element. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If the movant meets that burden, the non-movant must come forward with specific facts based on admissible

4

evidence from which a rational fact finder could find in the non-movant's favor. *Id*. The non-movant's "burden to respond arises only if the" movant meets its initial burden of production. *Neal v. Lewis*, 414 F.3d at 1248 (citation omitted).

**STATEMENT OF FACTS**

The following facts are uncontroverted by reason of the plaintiff's failure to file a timely response.

The plaintiff Beverly Guzman started working for the defendant Convergys on April 6, 2009. She worked as a customer service representative on the Convergys' Encore program at its call center in Wichita, Kansas. Her duties were to answer calls and give advice to customers on how to avoid foreclosure on their homes.

In 2007, Ms. Guzman began practicing a Native American religion affiliated with the Sioux tribe. Annually in July, followers of this religion may attend the Sundance Ceremony in Santee, South Dakota. Ms. Guzman began attending this ceremony in July of 2007. When Convergys hired Ms. Guzman in April of 2009, she did not discuss with anyone her need to be off work for this ceremony. Ms. Guzman explained she did not raise the topic because she was unsure of the ceremony's dates.

When hired, Ms. Guzman reviewed and signed the agent attendance policy for Convergys. She admitted in her deposition to knowing

the policy provided that accruing 12 points for absences, being late, or leaving early during a rolling 365-period could result in termination. The policy spelled out the points assigned for the different attendance events.

On June 8, 2009, Ms. Guzman was counseled for three attendance points incurred for absences on May 20, June 2, and June 8. Her total attendance points increased to six on June 23, 2009, when she was counseled for absences on June 10, June 11, and June 18. And on July 8, 2009, her attendance points totaled 10.25 after three more unapproved absences and four instances of being late.

Ms. Guzman was involuntarily terminated on August 3, 2009, with 12.25 attendance points after incurring additional points for being late on five more days: July 10, July 20, July 27, July 30, and August 3. The plaintiff does not dispute that she had accumulated 12.25 attendance points in violation of the attendance policy by August 3, 2009. Nor does she claim that any of her attendance points were incurred as a result of her attending the Sundance Ceremony in July of 2009.

On July 6, 2009, Ms. Guzman asked her supervisor, Rosa Ward, for five work days off to attend the Sundance Ceremony from July 13 through July 17, 2009. As of July 6, Ms. Guzman's total attendance points were already 10.25, just 1.75 from possible termination. Supervisor Ward told Ms. Guzman she needed to take this request to Brian Roths. Ms. Ward

6

spoke with Mr. Roths immediately and then informed Ms. Guzman that they didn't believe the event was "important enough" to warrant time off. (Dk. 27, Att. 1, Guzman Dep. p. 43). Ms. Guzman then gave Ms. Ward her "paper on the religion, Native American Religion Act," and Ms. Ward made copies of this and again spoke with Mr. Roths. *Id.* They told her that because of the high call volume with the Encore program that they could offer Ms. Guzman three days off of her choosing, and she selected the days from July 15 through 17. Ms. Guzman testified that she had to find the three-day accommodation acceptable or she would have missed the ceremony completely. Ms. Guzman also testified that the Encore program was experiencing a steady high call volume.[1]

In her deposition, Ms. Guzman was asked to explain her allegation that her termination was related to her request to attend the Sundance Ceremony. She testified that she had called someone at the Kansas Human Rights Commission ("KHRC") on July 8 and that she had told Supervisor Ward of having contacted someone with human rights about her leave request. She did not tell Ms. Ward that any charge had been filed, as none was filed until September. Ms. Ward also obtained from Convergys

---

[1]In the pretrial order, the plaintiff includes as a factual contention that Convergys had laid off 44 employees due to low call volume. In her deposition, the plaintiff admitted to not having personal knowledge about the circumstances of the layoffs but she did concede the layoffs occurred in a project different from the Encore program.

human resources officer a document that explained to Ms. Guzman the employer's accommodation responsibilities. Ms. Guzman testified that she was able to attend the two main parts of the Sundance Ceremony in July of 2009.

Finally, Ms. Guzman testified to two other employees in the Encore program receiving time off around the same period as her request for leave. She could not identify these employees by name and lacked information on important details about their leave requests. She also asserted that she believed these employees were treated more favorably because "they interacted with the team leader more than" she did. *Id.* at p. 51.

**DISCUSSION AND ANALYSIS**

Because the plaintiff's allegations of religious discrimination lack a clear link to a particular theory, the defendant seeks summary judgment both on a possible accommodation claim and on a direct discrimination or retaliation claim. Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to . . . [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e–2(a)(1). Title VII defines "religion" to include "all aspects of religious observance and practice, . . . unless an employer

demonstrates that he is unable to reasonably accommodate . . . religious observance or practice without undue hardship on the conduct of the employer's business."

On summary judgment, courts apply these principles using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Thomas v. National Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000). First, the plaintiff initially bears the burden of producing a prima facie case having the following elements: (1) that she had a bona fide religious belief that conflicts with an employment requirement; (2) that she informed the employer of this belief; and (3) that she was terminated for failure to comply with the conflicting employment requirement. *Id*. The burden then shifts to the defendant, who must: "(1) conclusively rebut one or more elements of the plaintiff's prima facie case, (2) show that it offered a reasonable accommodation, or (3) show that it was unable to accommodate the employee's religious needs reasonably without undue hardship." *Id*. at 1156 (footnote omitted). "'[A]ny reasonable accommodation by the employer is sufficient to meet its accommodation obligation.'" *Id*. at 1156 n.7 (quoting *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (1986)).

Convergys is entitled to summary judgment as the plaintiff has not met her prima facie burden. There is nothing in the plaintiff's deposition

9

testimony or in the summary judgment record that shows she was terminated for failure to comply with an employment requirement that conflicted with her religious belief or practices. Ms. Guzman complied with the three-day leave restriction imposed by Convergys, and she admitted in her deposition that none of her 12.25 attendance points were related to her attendance at the Sundance Ceremony. Without this element, the plaintiff cannot make her initial burden of production on this accommodation claim, and the defendant's motion for summary judgment is appropriate under Rule 56.

As far as a claim for religious discrimination and/or retaliation, the plaintiff may be able to show a prima facie case in that her termination occurred shortly after she informed her supervisor of having called someone with human rights about her request for leave to attend the Sundance Ceremony. Convergys proffers that Ms. Guzman's violation of the attendance policy is the nondiscriminatory reason for her termination. The burden now shifts back to the plaintiff to show the defendant's reason is a "pretext masking discriminatory animus." *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007). The plaintiff may meet this burden "by presenting evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them

unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *McDonald-Cuba v. Santa Fe Protective Services, Inc.*, 644 F.3d 1096, 1102 (10th Cir. 2011) (internal quotation marks and citation omitted). "A plaintiff demonstrates pretext by showing either that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1039 (10th Cir. 2011) (internal quotation marks and citation omitted). "'In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision," *Zamora [v. Elite Logistics, Inc.*, 478 F.3d [1160] at 1166 [(10th Cir. 2007)]* (quoting *Watts v. City of Norman*, 270 F.3d 1288, 1295 (10th Cir. 2001)); we do not look to the plaintiff's subjective evaluation of the situation, *see McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998)." *Id.* at 1044. "Pretext may also be shown by providing direct evidence that the proffered rationale is false, or that the plaintiff was treated differently from similarly-situated employees." *Crowe v. ADT Sec. Services, Inc.*, ---F.3d---, 2011 WL 1532536 at *6 (10th Cir. 2011). For analyzing pretext, "[t]he relevant inquiry is not whether [the defendant's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs." *Exum v. U.S. Olympic Committee.*,

11

389 F.3d 1130, 1138 (10th Cir. 2004) (quotation omitted).

      Without a filed response from the plaintiff, the court has nothing of record to show the plaintiff is able to offer any evidence in proof of pretext.  There is no evidence that the plaintiff was treated differently from similarly-situated employees.  The plaintiff's deposition testimony shows she has no dispute with the defendant's interpretation of the attendance policy and its calculation of her attendance points.  The summary judgment record stands uncontested and uncontroverted that the defendant honestly believed Ms. Guzman had violated the attendance policy and so terminated her in good faith reliance on her violation.  By the terms of Rule 56, the defendant is entitled to summary judgment on this claim.

      IT IS THEREFORE ORDERED that the defendant Convergys Corporation's motion for summary judgment (Dk. 26) is granted as an uncontested motion after determining that summary judgment for Convergys is appropriate under Fed. R. Civ. P. 56.

      Dated this 29th day of September, 2011, Topeka, Kansas.

                          s/ Sam A. Crow
                          Sam A. Crow, U.S. District Senior Judge